

**SO ORDERED.**

**SIGNED this 28 day of March, 2013.**

_____
**Stephani W. Humrickhouse
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### RALEIGH DIVISION

| | |
|---|---|
| **IN RE:** | **CASE NO.** |
| **GREGORY & PARKER, INC.** | **12-01382-8-SWH** |
| **DEBTOR** | |

### ORDER ALLOWING APPLICATION TO EMPLOY COUNSEL

The matter before the court is the debtor's application to employ William P. Janvier and Janvier Law Firm, PLLC as counsel in its adversary proceeding against Conan R. McClain, and Conan R. McClain's objection thereto.[1]  A hearing took place in Raleigh, North Carolina, on February 27, 2013.  Debtor's counsel was not present at the hearing, but Mr. Janvier presented the motion on behalf of the debtor.  The Bankruptcy Administrator's counsel assigned to the debtor's case was not present at the hearing, so upon conclusion of the hearing, the court requested that he send an email to the court and all parties clarifying the Bankruptcy Administrator's position on the application.  The court took the matter under advisement.

---

[1] The debtor's application also sought approval from the court for the employment of K. Matthew Vaughn and Stevens Martin Vaughn and Tadych, PLLC as counsel for the same adversary proceeding.  No one objected to employment of Mr. Vaughn, and the court issued an order on March 4, 2013, allowing K. Matthew Vaughn and Stevens Martin Vaughn and Tadych, PLLC to serve as counsel for the debtor in the adversary proceeding.

**BACKGROUND**

The debtor owns and operates commercial properties in Raleigh, North Carolina.[2] William Douglas Parker, Jr. owns 100% of the debtor's outstanding shares and Diana Lynne Parker is the corporate secretary. The debtor filed its chapter 11 petition on February 22, 2012, with Richard D. Sparkman and Richard D. Sparkman & Associates, P.A. serving as counsel. On April 25, 2012, William Douglas Parker, Jr. and his wife, Diana Lynne Parker (the "Parkers") filed a chapter 11 petition, with William P. Janvier and Janvier Law Firm, PLLC serving as counsel.

The debtor and the Parkers have certain creditors in common, including Conan R. McClain, who has provided professional services related to redevelopment, financing, marketing, leasing and management of debtor's commercial properties since November 2004. Mr. McClain originally provided services to debtor in his capacity as a vice president of Trammell Crow Services, Inc. ("Trammel Crow") until December 2005, at which time he resigned from Trammel Crow, but continued performing services for debtor in his individual capacity. Mr. McClain has filed two claims in both the debtor's case and in the Parkers' case, with the claims totaling $1,844,253.14 in each case.

At the hearing, Mr. Janvier explained that the debtor and the Parkers anticipated joining as plaintiffs to file an adversary proceeding against Mr. McClain, alleging certain misconduct of Mr. McClain.[3] Mr. Janvier has not previously represented the debtor, but contends that because of

---

[2] The debtor is the sole member of Gregory & Parker-Seaboard, LLC ("Seaboard"), which filed a chapter 11 petition on the same day as debtor. By order of this court dated April 3, 2012, the Gregory & Parker, Inc. and Seaboard cases are being jointly administered, with Gregory & Parker, Inc. named as the "lead case." Seaboard is included in any reference to the debtor in this Order.

[3] The debtor filed a complaint in this court against Mr. McClain on March 25, 2013, in Case No. 13-00052-8-SWH and the Parkers filed the same complaint on March 27, 2013, in Case No. 13-00055-8-SWH.

2

his extensive knowledge of the relevant facts, joint representation of the debtor and the Parkers in the adversary proceeding would be most economical, and based on the specific, limited scope of engagement, does not create a conflict of interest. Mr. McClain objects to joint representation, alleging that certain conflicts of interest exist between the debtor and the Parkers that prohibit Mr. Janvier from representing both in the adversary proceeding. At the request of the court, counsel for the bankruptcy administrator provided his opinion on the issue after the hearing and, citing the potential conflicts alleged by Mr. McClain, objected to employment of Mr. Janvier as counsel in the adversary proceeding.

## DISCUSSION

Section 327 of the Bankruptcy Code governs the employment of professional persons, and while the language of § 327 references a trustee's decision to employ counsel, the provisions apply to a debtor-in-possession as well. 11 U.S.C. § 1107(a). Regarding the employment of counsel to pursue an adversary proceeding, subsections (a), (c) and (e) of § 327 may be relevant, depending on the circumstances surrounding the employment. Schafer v. Maerlender (In re Maerlender), 2006 Bankr. LEXIS 655, at *8 (Bankr. M.D.N.C. Apr. 14, 2006).

Subsection (a) of § 327 provides the general test governing the employment of all professionals. Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 621 (2d Cir. 1999). Under this subsection, a trustee "may hire only those professionals that (1) 'do not hold or represent an interest adverse to the estate,' and (2) are 'disinterested persons.'" Id. (citing 11 U.S.C. § 327(a)). Subsection (c) is an exception to the general two-part test under subsection (a), and provides that a professional is "not disqualified for employment . . . solely because of such person's . . . representation of a creditor, unless there is an objection by another creditor . . . in which case the

court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c). This subsection does not, however, "preempt the more basic requirements of subsection (a)," and thus the court must still "determine whether the person is disqualified on any other ground, *e.g.*, an interest adverse to the estate." AroChem Corp., 176 F.3d at 621 (citations omitted).

Subsection (e) of § 327 also sets forth a limited exception to subsection (a): it explicitly addresses the employment of an attorney for a "specified special purpose" but contains language limiting its application to attorneys who have previously represented the debtor. 11 U.S.C. § 327(e). As courts have recognized, § 327 does not, in any of its subsections, specifically address situations in which a debtor intends to employ counsel for a special, limited purpose when that counsel has not represented the debtor in the past. See, e.g., AroChem Corp., 176 F.3d at 622; In re Buffalo Coal Co., 2008 Bankr. LEXIS 1259 at *11-12 (Bankr. N.D. W. Va. Apr. 30, 2008). While subsection (e) seems to set out the appropriate standard for circumstances such as the matter before the court in that it confines the adverse interest test to the specific matter for which the attorney is sought to be employed, it does not apply to the debtor's application to employ Mr. Janvier because he has not previously represented the debtor.

In resolving this issue, some courts have applied the standard set out in subsection (a) by analogy to subsection (e), while recognizing that subsection (e) is not directly applicable because the attorney sought for employment has never represented the debtor.[4] These courts apply the two-

---

[4] See AroChem Corp., 176 F.3d at 622; Buffalo Coal Co., 2008 Bankr. LEXIS 1259 at *11-12; In re Contractor Tech., Ltd., 2006 U.S. Dist. LEXIS 34466, at *17 (S.D. Tex. May 30, 2006); see also I.G. Petroleum, LLC v. Fenasci (In re W. Delta Oil Co.), 432 F.3d 347, 354 (5th Cir. 2005) (applying subsection (e) when employment of attorneys was for a specified special purpose, but not explicitly acknowledging the issue presented by the subsection's limiting language); Maerlender (In

part test in subsection (a) to the proposed scope of representation by determining (1) whether the attorney is "disinterested" and (2) whether the attorney holds or represents an adverse interest *relating to the services that the attorney would be employed to perform*. AroChem Corp., 176 F.3d at 622.

The reasoning of these courts is persuasive, and this court will likewise apply the standard set out in subsection (a) by determining whether Mr. Janvier is "disinterested" and whether he holds or represents an adverse interest with respect to his limited duties as counsel in the adversary proceeding against Mr. McClain. See also Harold & Williams Dev. Co. v. U.S. Trustee (In re Harold & Williams Dev. Co.), 977 F.2d 906, 910 (4th Cir. 1992) (stating that courts should "take into account the facts of a particular case and the overall objectives of the bankruptcy system" when considering the employment of professionals) (citations omitted); In re Bryant, 2011 Bankr. LEXIS 4651 (Bankr. E.D.N.C. June 15, 2011) ("[T]he determination of whether a conflict exists is determined not by any bright line, but rather on the facts of each case.").

As noted by Mr. McClain in his objection, Mr. Parker holds an unsecured claim against the corporate debtor in the amount of $1,350,666.89; since Mr. Parker is a creditor of the debtor and

---

re Maerlender), 2006 Bankr. LEXIS 655, at *8-12 (applying subsection (a) of § 327 and concluding that the estate's largest creditor did not possess an interest that was "adverse to the estate" because the creditor did "not have any interest *in the litigation* [an adversary proceeding] that would tend to lessen the value of the bankruptcy estate") (emphasis added); In re RPC Corp., 114 B.R. 116, 120 (M.D.N.C. 1990) (applying subsection (a) and concluding that no adverse interest existed because "the interests of the estate and the firm's clients [the debtor and its former chief executive officer who was also a creditor of the estate] are identical *with respect to the firm's duties as special counsel*") (emphasis added); but see, e.g., Meespierson, Inc. v. Strategic Telecom, Inc., 202 B.R. 845 (D. Del. 1996) (criticizing court's analysis in AroChem Corp. and concluding that subsection (e) is inapplicable when the attorney sought for employment has never represented the debtor); see generally 3 Collier on Bankruptcy ¶ 327.04[9][b] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2012) (recognizing a split among courts over the proper application of subsections (a) and (e) when attorneys are sought for special purposes but have not represented the debtor before).

Mr. McClain has objected to the employment of Mr. Janvier, subsection (c) is invoked. Therefore, the court must determine whether an actual conflict of interest would exist if Mr. Janvier were to represent the debtor and the Parkers as counsel in a proceeding against Mr. McClain, while continuing to represent the Parkers in their individual bankruptcy case. If so, Mr. Janvier would be precluded from representing the debtor in the adversary proceeding pursuant to § 327(c).

Mr. McClain cites In re Bryant, 2011 Bankr. LEXIS 4651, in his contention that as a general matter, dual representation of a corporate debtor and its principal in their separate bankruptcy proceedings creates an actual conflict of interest. See also In re Wiley Brown & Assocs., LLC, Case No. 06-50886 (Bankr. M.D.N.C. 2006). Mr. McClain points to a second basis for an actual conflict by citing the potential for an avoidance action by the debtor against Mrs. Parker, related to money paid to her during the year before the debtor filed its petition. Mr. McClain contends that if Mr. Janvier represents both the debtor and the Parkers in the adversary proceeding against Mr. McClain, the debtor will not pursue potential actions against the Parkers (such as an avoidance action against Mrs. Parker), thus violating the fiduciary duties it owes to the estate and the estate's creditors.

The court acknowledges, and Mr. Janvier conceded at the hearing, that representation as *general* counsel of a corporate debtor and its principal(s) in two bankruptcy proceedings creates a conflict of interest. However, the matter before the court involves employment of an attorney as counsel for the limited purpose of representation in an adversary proceeding. The ruling in Bryant is therefore distinguishable. Mr. Sparkman, as debtor's general counsel in the overall bankruptcy case, must represent and assist the debtor in carrying out its fiduciary duties as debtor-in-possession. Accordingly, Mr. Sparkman, not Mr. Janvier, has a duty to bring any potential avoidance actions

against Mr. or Mrs. Parker, or to object to Mr. Parker's claim against the debtor, if such actions are warranted.  Finally, consistent with upholding these fiduciary duties, Mr. Sparkman must monitor the adversary proceeding brought by the debtor against Mr. McClain to ensure that the bankruptcy estate's interests are zealously represented by Mr. Janvier.  Mr. Janvier's representation of the debtor in a proceeding against Mr. McClain has no effect on Mr. Sparkman's independent duties and abilities to appropriately represent the debtor-in-possession and the bankruptcy estate.  Thus, the court finds there is no actual conflict of interest that would disqualify Mr. Janvier under § 327(c) from representing debtor in the proceeding against Mr. McClain.

The court must now determine whether the employment of Mr. Janvier, in his limited role as counsel to the debtor in the adversary proceeding, would satisfy the two requirements of § 327(a) with respect to his proposed engagement: that he be a disinterested person and that he not hold or represent any interest adverse to the estate.  The Bankruptcy Code defines, in pertinent part, a "disinterested person" as one:

> who does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

In re Bryant, 2011 Bankr. LEXIS 4651, at *2 (citing 11 U.S.C. § 101(14)(c)); see AroChem Corp., 176 F.3d at 629 (stating that the "disinterested" requirement under § 327(a) is "properly read to implicate only the personal interests of the professional whose disinterestedness is under consideration") (citations omitted).  Mr. Janvier is not personally owed any money from the debtor's estate, nor does he personally hold any interest which is materially adverse to those of the debtor's creditors or equity security holders.  Therefore, the court finds Mr. Janvier to be disinterested as defined by § 101(14)(c).

Generally, a person holds an interest adverse to the estate when that person "possess[es] or assert[s] any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant." Maerlender at *9 (quoting W. Delta Oil Co.), 432 F.3d 347, 356 (5th Cir. 2005)). In the context of an adversary proceeding, an attorney (or his client(s) other than the debtor in question) is proscribed from possessing or asserting "any economic interest *in the litigation* that would tend to lessen the value of the bankruptcy estate." Id. at *12 (emphasis added).

Mr. McClain contends that there are potential claims between the debtor and the Parkers, which the debtor might pursue if it were represented by independent counsel. In support of this, Mr. McClain claims that because the Parkers ratified his actions, any allegations of fraud against him will necessarily implicate the Parkers, and the debtor should therefore pursue the same causes of action against the Parkers as against Mr. McClain. Seemingly to illustrate the potential for such implications of wrongdoing by the Parkers, Mr. McClain notes that he plans to raise the affirmative defense of *in pari delicto* if a complaint is filed against him, which he contends would bar the debtor from recovering from him.

As an initial matter, the only party that currently alleges any wrongdoing by the Parkers is Mr. McClain himself. As previously stated, Mr. Sparkman, consistent with his duties as counsel in the overall bankruptcy case, has an obligation to investigate and pursue any cause of action he believes is warranted. Mr. Sparkman's ability and obligation to bring action(s) against the Parkers remains, regardless of whether Mr. McClain raises the affirmative defense of *in pari delicto* in the

contemplated adversary proceeding.[5]  The debtor therefore does not risk losing the right to file a complaint against the Parkers outside the contemplated adversary proceeding if it becomes clear there is a claim.  Mr. Sparkman has not found it necessary to file any complaint against the Parkers to date, and has not given any indication that a basis exists for such action.  Likewise, counsel for the Bankruptcy Administrator, while supporting Mr. McClain's objection, has not alleged that his investigation revealed any wrongdoing by the Parkers but instead relied on the allegations made by Mr. McClain when objecting to the application to employ Mr. Janvier.  The court is less inclined to disqualify Mr. Janvier from serving as counsel for the debtor in the adversary proceeding when the only alleged basis for potential claims against the Parkers are advanced solely by the defendant.

Contrary to Mr. McClain's contentions, the court finds that the interests of the debtor and the Parkers are aligned with respect to this adversary proceeding.  Both the debtor and the Parkers share the identical goal of seeking affirmative relief from Mr. McClain, and Mr. Janvier's duties within the scope of his engagement would be the same for the debtor as for the Parkers.  See RPC Corp., 114 B.R. at 119-20 (allowing counsel for debtor's principal, who was also a creditor of the estate, to serve as special counsel in the estate's lender liability claim against a bank).  Significantly, the debtor's current plan of reorganization subordinates Mr. Parker's claim to all other claims against the debtor, including all allowed general unsecured claims.  Thus, as the plan explicitly recognizes, Mr. Parker will not receive any distributions on account of his claim until all other

---

[5] *In pari delicto*, Latin for "in equal fault," is an affirmative common law defense in a civil action by which a defendant establishes similar wrongdoing by the plaintiff, thus barring recovery because both parties are at fault. Bateman Eichler, Hill Richards, Inc. v. Berner, 472 U.S. 299, 306 (U.S. 1985).  Mr. McClain asserts that if he successfully raises the affirmative defense of *in pari delicto* in an adversary proceeding, the debtor and/or the Parkers will be barred from recovering against him.

classes of creditors have been paid their allowed claims in full. Accordingly, Mr. Parker has an incentive to maximize the funds available for distribution to the estate's creditors, as his claim will only be paid from any surplus remaining after full repayment to all other creditors. Consistent with this incentive, Mr. Parker stands to benefit from any recovery the debtor obtains against Mr. McClain in the adversary proceeding.

Mr. McClain couches his arguments on the *potential* for available claims and defenses, but even if credible evidence comes to light of misconduct by the Parkers, the opportunity for Mr. Sparkman to pursue such claims outside the adversary proceeding, and the duty imposed upon him to do so, remains intact. The hypothetical nature of the causes of action that may arise in the future, combined with the fact that those causes of action - if they materialize - can still be pursued by the debtor's general counsel, undermine Mr. McClain's assertions that Mr. Janvier should be precluded from representing the debtor in the adversary proceeding. See RPC Corp., 114 B.R. at 120 (finding that the "slight possibility" of corporate mismanagement and preference claims against the debtor's principal did not bar the principal's attorney from serving as counsel in an adversary proceeding against a common lender). Rather,

> the naked existence of a potential for conflict of interest does not render the appointment of counsel nugatory, but makes it voidable as the facts may warrant. It is for the court to decide whether the attorney's proposed interest carries with it a sufficient threat of material adversity to warrant prophylactic action . . .

RPC Corp., 114 B.R. at 119 (quoting In re Martin, 817 F.2d 175, 182 (1st Cir. 1987)).

Mr. McClain also contends that joint representation may hinder any settlement negotiations that could occur between the parties. Mr. McClain anticipates asserting different defenses against the debtor and the Parkers, which could result in one plaintiff having a stronger likelihood of success

10

on the merits than the other. Further, Mr. McClain has filed an objection to the Parkers' discharge, which he contends creates an incentive for the Parkers to forgo settlement and pursue litigation in an effort to eliminate him as a creditor since he only has standing to pursue his objection as a creditor; the same incentive is not present in the debtor's case against Mr. McClain. However, as the court in RPC Corp. recognized, the "highly hypothetical" nature of potential settlements lessens a court's inclination to disqualify an attorney on grounds that settlement may be hindered. See RPC Corp., 114 B.R. at 120 (rejecting defendant's argument that a potential conflict of interest exists in the event of settlement negotiations, and stating that it did not regard the hypothetical potential for settlement under those facts as fatal). Mr. McClain's assertions as to what incentives the debtor or the Parkers, as the potential plaintiffs, will have to settle their claims are highly speculative. Further, Mr. Sparkman, as general counsel, will serve as a safeguard to protect the debtor's interests in the adversary proceeding. The court finds that the possibility that settlement negotiations will be negatively affected by joint representation of the debtor and the Parkers is too speculative to create a disqualifying conflict under § 327(a).

Finally, in citing Bryant, McClain argues that employment of Mr. Janvier should be disallowed, even if the conflicts identified by McClain are merely "potential conflicts" in nature. See Bryant, 2011 Bankr. LEXIS 4651, at *6-7 ("[M]any courts conclude that the cumulative effect of even 'potential' conflicts of interest are of such significance and scope that the individual debtor and corporate debtor must retain separate counsel."). However, as previously stated, the issue in Bryant was whether the same attorney could serve as general counsel in the *overall bankruptcy cases* of a corporate debtor and the corporate debtor's principal. There are certainly numerous potential, if not actual, conflicts that exist in such circumstances, given the fiduciary duties owed to each

11

respective bankruptcy estate and each estate's creditors. In the instant matter, however, the debtor is simply seeking to employ Mr. Janvier as counsel for the limited purpose of prosecuting the adversary proceeding against Mr. McClain. The "cumulative effect" of potential conflicts which influenced the court's analysis in Bryant is not present in this matter, and unlike the corporate debtor in Bryant, the debtor in this case will continue to have Mr. Sparkman as general counsel to represent and protect the interests of the debtor's bankruptcy estate and its creditors.

Therefore, notwithstanding Mr. Janvier's representation of the Parkers as general counsel in their bankruptcy case, the court finds that Mr. Janvier is a "disinterested" person and does not represent any interest adverse to the estate with respect to the adversary proceeding. Accordingly, the debtor's application to employ Mr. Janvier and Janvier Law Firm, PLLC as counsel in the adversary proceeding is **GRANTED**.

**SO ORDERED**.

**END OF DOCUMENT**